IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LINK SNACKS, INC., L.S.I., INC. - NEW GLARUS,
LINK SNACKS GLOBAL, INC., NORTHERN AIR
SERVICES, INC., LINK HOLDINGS, INC.,
JOHN E. LINK, TROY J. LINK, JOHN HERMEIER,
LAWRENCE J. JARVELA, and MICHAEL McDONALD,

ORDER

08-cv-714-slc

Plaintiffs,
  v.

FEDERAL INSURANCE COMPANY,

Defendant.

---

Defendant Federal Insurance Company has filed a motion under Fed. R. Civ. P. 60(b) to "vacate" this court's October 20, 2009 order granting plaintiffs' motion for summary judgment with respect to liability in this insurance dispute. Dkt. 74. According to defendant, the parties "entered into a settlement . . . [l]ess than 24 hours before this Court" issued its ruling, but they failed to notify the court of this until now. *Id.* at 1. Although defendant does not explicitly identify the reason for its motion, it seems to believe that the October 20 order will prevent the parties' settlement from taking effect. *Id.* at 2 ("The parties now are in the process of preparing a standard settlement agreement and release to document the terms of the settlement.") Plaintiffs have not responded to defendant's motion.

I will deny defendant's motion as unnecessary. Relief under Rule 60(b) applies to a "final" judgment or order, but no such judgment or order has been entered in this case. Although I granted plaintiffs' motion for summary judgment in the October 20 order, I did not enter judgment in favor of plaintiffs because the amount of damages was still in dispute. The Supreme Court has "long held that an order resolving liability without addressing a plaintiff's requests for relief is not final." *Riley v. Kennedy*, 128 S. Ct. 1970, 1981 (2008). The case

defendant cites in support of its motion, *Gould v. Bowyer*, 11 F.3d 82, 83 (7th Cir. 1993), involved a request to vacate a judgment.

Because no judgment has been entered, there is nothing to "vacate." And because the summary judgment order did not grant any relief to plaintiff, the parties are free to enter into any settlement agreement they wish.

If defendant is concerned about issue preclusion, this would not likely apply in any event because the summary judgment order will not be incorporated into the judgment if the parties stipulate to a dismissal of the case. "Normally, when a case is resolved by settlement or stipulation, courts will find that the 'valid final judgment' requirement of issue preclusion has not been satisfied." *Talmage v. Harris*, 486 F.3d 968, 974 (7th Cir. 2007); *see also Wisconsin Elec. Power Co. v. Northern Assur. Co. of America*, 07-C-299-S, 2007 WL 5614077, *2 (W.D. Wis. Dec. 17, 2007) ("Ordinarily, judgments based on settlement are intended to preclude litigation on the particular claims at issue, but are not intended to preclude future litigation on the issues presented.")

To the extent defendant is concerned about the precedential effect of the opinion, the court explained in *Gould*, 11 F.3d at 84, that such concern is unfounded because a district court opinion is not binding precedent on any judge, even the judge who issued the opinion. The "only significance [of the opinion] is as information." *Id.* Thus, once an opinion is issued and the judicial meme has been sent into the ether, any "damage" has already been done. Other judges may adopt or reject the conclusions in the opinion, regardless whether or not the opinion was "vacated."

ORDER

It is ORDERED that defendant Federal Insurance Company's motion to vacate this court's October 20, 2009 order, dkt. 74, is DENIED as unnecessary. I anticipate that a stipulated motion for dismissal will be filed shortly.

Entered this 20th day of November, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge